**E-FILED on**   1/11/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XIAONING ZHU, on behalf of himself and a class of persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE FUJITSU GROUP 401(k) PLAN and FUJITSU AMERICA, INC.<br><br>Defendants. | No. C-03-01148 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS PURSUANT TO ERISA § 502(g)<br><br>**[Re Docket Nos. 101, 106, 109, 112]** |

Lead plaintiff Xiaoning Zhu moves for an award of attorneys' fees and costs. For the reasons given below, the court awards Zhu $415,860 in attorneys' fees and $20,514.80 in costs.

## I. BACKGROUND

Zhu, on behalf of a class of certain beneficiaries of the Fujitsu Group 401(k) Plan, challenged an amendment to the plan which reduced the benefits of the class members. Fujitsu Group 401(k) Plan and Fujitsu America, Inc., ("Fujitsu") were named as defendants. On cross-motions for summary judgment, the court found that this amendment violated 29 U.S.C. § 1053(c)(1)(B) and that Fujitsu violated its fiduciary duties towards the class members. The parties have tentatively reached a settlement agreement, the primary provisions of which are that (1) Fujitsu will restore to the class 80 percent of the benefits erased by the amendment, and (2) Fujitsu will not appeal. The settlement

agreement also provides for Fujitsu to pay the plaintiffs' attorneys' fees and costs in an amount to be determined by the court.

## II. ANALYSIS

Lead plaintiff Xiaoning Zhu moves for an award of attorneys' fees and costs under 29 U.S.C. § 1132(g) totalling $492,794.35. Under 29 U.S.C. § 1132(g)(1), "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." Fujitsu does not contest that awarding fees is appropriate under *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980), but argues that the number of hours expended by and the billing rates of the plaintiffs' attorneys is unreasonable. Fujitsu's main complaints are that having four firms work on the case led to unnecessary duplication of effort, and that the bulk of the work was done by attorneys with high billing rates. The Ninth Circuit

> has adopted the hybrid lodestar/multiplier approach used by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424[ ](1983), as the proper method for determining the amount of attorney's fees in ERISA actions. The lodestar/multiplier approach has two parts. First, a court determines the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. A district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary. Second, a court may adjust the lodestar upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar. The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high.

*Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (citations, quotation marks, and footnote omitted).

**A. Plaintiff's Attorneys' Fees**

**1. Number of Hours**

Zhu seeks $472,279.55 for legal fees, and his attorneys have submitted detailed billing statements indicating they spent 1,039.65 hours on his case. Fujitsu complains that much of the work performed by the attorneys was redundant and unnecessary, but its allegations are fairly conclusory. For example, Fujitsu points out that Laurie B. Ashton and Marc I. Machiz both worked on motions and both flew to California attend hearings before this court. While perhaps not

absolutely necessary, the court cannot say that this was unreasonable or, in the minds of Zhu's attorneys, not the best way for them to represent their client. The fact that Zhu's attorneys worked on a contingent basis gave them an incentive to not perform unnecessary work on the case. From an examination of the billing statements, the court does not find any significant entry that seems unnecessary or unreasonably high.

Fujitsu compares the work of its lawyers to that of Zhu's to attempt to show that Zhu's legal time spend too much time and charged too much. Fujitsu's attempt is not particularly helpful. Fujitsu never discloses the total number of hours its legal team spent working on this case. It also does not provide the amount of work certain attorneys did at all, such as Jonathan Ocker. *See* Notice of Withdrawal of Individual Counsel (Apr. 1, 2005) ("Fujitsu has been and continues to be represented by Orrick, Herrington & Sutcliffe through Jonathan M. Ocker.").

A close examination of the data Fujitsu presents does not suggest that Zhu's attorneys spent an unreasonable amount of time on the case. Fujitsu's attorney William Alderman tallied up the amount of time each side spent on Fujitsu's motion for judgment on the pleadings, Zhu's motion for class certification, the cross-motions for summary judgment, and mediation. *See* Alderman Decl. at 2-3. It is reasonable to compare the amount of time spent by each side on these activities, as each side made two motions and opposed two more. Alderman estimated that Ashton, Machiz, and Barbara T. Hale spent a total of 626 hours working on these matters. *See id*. at 2. Alderman states that James Baker and associates working under him spent 497 hours working on the same matters. (It is unclear if Ocker spent any time working on these matters, so Fujitsu's legal team may well have spent more than 497 hours on these matters.) Even if Fujitsu's numbers are accurate, the court cannot say that Zhu's legal team spent too much time on these matters: Zhu prevailed on the four motions under consideration. The fact that Zhu prevailed does not necessarily indicate that his legal team's work product was better, but the court did find it clear, well-written, and persuasive.

The court therefore finds that 1,039.65 is a reasonable number of hours of work for Zhu's attorneys to have spent on this case.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS PURSUANT TO ERISA § 502(g)—No. C-03-01148 RMW
JAH            3

1     **2. Rate**

2     As Fujitsu points out, the $472,279.55 Zhu seeks for legal fees divided by the 1,039.65 hours
3 Zhu's attorneys claim they spent on the case works out to an average billing rate of $474 per hour.
4 Zhu's primary attorneys were Machiz and Ashton. Machiz's hourly billing rate is $550; Ashton's is
5 $510. Together, these two attorneys spent 769.85 hours—three-fourths of the total—working on
6 Zhu's case.

7     The court finds the average billing rate of $474 to be excessive. Law firms often reduce
8 costs by having partners delegate certain tasks to lower-paid employees. Fujitsu claims that its
9 effective hourly rates of between $329 and $413 reflect more reasonable billing rates. *See* Alderman
10 Decl. at 3. The court agrees and finds that $400 is a reasonable hourly rate for Zhu's attorneys'
11 services.

12     **3. Lodestar/Multiplier Amount**

13     The reasonable number of hours worked, 1,039.65, and the reasonable hourly rate for the
14 plaintiffs' attorneys, $400, gives a lodestar amount of $415,860. The parties do not argue that this is
15 a "rare and exceptional case[]," *see Van Gerwen*, 214 F.3d at 1045, justifying an upward or
16 downward multiplier, nor does the court believe a multiplier is justified. The award seems
17 reasonable compared to the plaintiffs' recovery of approximately $1.1 million. The court will
18 therefore award Zhu $415,860 in attorneys' fees.

19 **B. Plaintiff's Costs**

20     Zhu seeks to recover $20,514.80 in costs; Fujitsu claims that Zhu's expenses are excessive.
21 Zhu's costs are typical for litigation: travel, computerized research, copying, long distance, filing
22 fees, postage, and couriers. *See* Ashton Decl., Ex. 2; Machiz Decl., Ex. B; Hale Aff. at 12-14; Lovitt
23 Decl., Ex. 2. Fujitsu complains that over half of the costs are for airfare and that Zhu should have
24 made more use of local counsel. Again, the court finds, absent any showing to the contrary, that
25 Zhu's attorneys used their professional judgment to determine the best course of action was for
26 certain out-of-town attorneys to attend certain occurrences in person. Likewise, that the case was
27 taken on a contingent-fee basis gave the plaintiffs' attorneys an incentive to not incur unnecessary
28 costs. The court will award Zhu the full amount of his attorneys' travel costs.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS PURSUANT TO ERISA
§ 502(g)—No. C-03-01148 RMW
JAH     4

1   Fujitsu also objects that over $5,000 for computerized research is excessive, but provides no
2   evidence to support this assertion. Significant research time was clearly necessary. The court will
3   thus award Zhu the full amount of his attorneys' computerized research costs.
4   As Zhu has adequately documented his attorneys' costs in this action and the costs appear
5   reasonable, the court will award Zhu the full amount of costs he requests, $20,514.80.

### III.  ORDER

7   For the reasons given above, the court awards plaintiff $415,860 in attorneys' fees and
8   $20,514.80 in costs.

11  DATED:      1/11/06                          /s/ Ronald M. Whyte
                                                 RONALD M. WHYTE
12                                               United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

| | |
|---|---|
| Ronald Lovitt | lovitt@lh-sf.com |
| Erin Maura Riley | eriley@kellerrohrback.com |
| Laurie B. Ashton | lashton@kellerrohrback.com |
| Marc I. Machiz | mmachiz@cmht.com |
| J. Thomas Hannan | hannan@lh-sf.com |

**Counsel for Defendants:**

| | |
|---|---|
| Heather Reinschmidt | hreinschmidt@jones.day.com |
| Jonathan M. Ocker | jocker@orrick.com |
| James P. Baker | jbaker@jonesday.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 1/11/06                             /s/ JH
                                                              **Chambers of Judge Whyte**